## Miller v. Miller.

*Divorce—Conviction and sentence for two years to the penitentiary—Indeterminate sentence—Act of May 1, 1909.*

A conviction for burglary, followed by an indeterminate sentence with a minimum of eighteen months and a maximum of thirty-six months, entitles the husband or wife of the convict to maintain a libel in divorce under the Act of May 1, 1909, P. L. 374, which provides, *inter alia*, that a conviction for burglary, followed by a sentence of imprisonment for any term exceeding two years, shall be ground for divorce.

Divorce. C. P. Dauphin Co., Sept. T., 1926, No. 279.

*W. Justin Carter*, for libellant.

HARGEST, P. J., Feb. 27, 1927.—The respondent in this case was convicted in this county on the charge of burglary and sentenced to a term of not less

Miller v. Miller.

than eighteen months and not more than thirty-six months in the Eastern Penitentiary, Philadelphia. The libellant asks for a divorce on the ground of such conviction.

The Act of May 1, 1909, P. L. 374, authorizes a divorce when either of the parties has been convicted of burglary and other heinous crimes therein mentioned and "sentenced by a competent court having jurisdiction to imprisonment for any term exceeding two years." The question is, therefore, whether the indeterminate sentence for a minimum of eighteen months and a maximum of thirty-six months brings the case within the Act of 1909.

There seems to be no appellate court decision in Pennsylvania upon this question. However, in Singleton v. Singleton, 24 Dist. R. 667, the respondent was convicted of larceny and sentenced by an Ohio court to imprisonment "until released according to law." Under the statutes of that state an indeterminate sentence for larceny was required to be "not less than one year nor more than seven years." It was held that the conviction and sentence were such as to bring the case within the provisions of our statute authorizing a divorce upon conviction and sentence "to imprisonment for any term exceeding two years."

In Oliver v. Oliver, 169 Mass. 592, 48 N. E. Repr. 483, a husband was sentenced for a maximum term of six years and a minimum term of three years. In that state, as in Pennsylvania, he was permitted to be at liberty at the expiration of the minimum term, upon conditions which satisfied the prison authorities, and was subject to rearrest and imprisonment if he failed to comply with the conditions. The law of Massachusetts provided for a divorce where a husband was sentenced to state prison for five years or more. The court said: "In the interval between the two dates fixed, is the convict under sentence to imprisonment or not? He is all the time in the custody of the law under his sentence. He is in confinement at hard labor, unless for good reasons a permit to be at liberty on certain terms and conditions is given to him by the commissioners of prisons. If he obtains such a permit, it may be · revoked at any time, and if any of its terms or conditions are broken, it becomes, ipso facto, void. He is certainly under sentence during the whole of the maximum term. After the expiration of the minimum term the rigor of the sentence is mitigated by the law. If he obtains a permit which is not revoked, and observes its terms and conditions, he is not confined at hard labor, but it seems more nearly correct to say that his sentence to confinement at hard labor is for the maximum term than to say it is only for the minimum term. It is not to be presumed that the legislature, in adopting a system of indeterminate sentences for convicts in state prisons, intended to change the rights of persons under the laws relating to divorce. In our opinion, those rights will be best preserved by treating these sentences as in effect during their maximum term, rather than only during the minimum term."

In Sargood v. Sargood (Vt.), 61 Atl. Repr. 472, there was a sentence of not less than three and a-half years nor more than four and a-half years, but the law also provided for five days commutation for every month. The statute gave the right to divorce where one of the parties was sentenced to confinement at hard labor in state prison for three or more years, and it was held that the length of time was to be determined by the term of the sentence fixed by the court without reference to deductions for good conduct. So it has been held, also, that the right to divorce will not be affected by an executive pardon after sentence was imposed: Holloway v. Holloway, 126 Ga. 459, 55 S. E. Repr. 191; Klasner v. Klasner (N. M.), 170 Pac. Repr. 745.

We adopt the reasoning of the cases cited. The right to divorce is to be determined by the heinousness of the offence which has been committed, and the statute measures the character of the offence by the severity of the punishment which the court has seen fit to impose. Whether a convict is released at the time of the minimum sentence may depend largely upon his conduct in prison. Two persons may have committed the same heinous offence and received the same sentence. It would hardly be supposed that the wife of one would be entitled to a divorce because he did not conduct himself properly in prison, and the wife of the other would not be so entitled because he happened to be a model prisoner. Moreover, under such construction, where the minimum sentence was less than two years, the party would have to wait until the expiration of the minimum sentence to determine whether there was a right to a divorce, because the convict might or might not be paroled, depending upon the judgment of the prison authorities. The legislature did not intend any such results. The right to divorce is determined by the character of the offence as measured by the sentence.

For these reasons, the report of the master recommending a divorce is hereby approved. A decree will be signed upon application of counsel and payment of costs. From Homer L. Kreider, Harrisburg, Pa.